IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

TERRENCE L. MASON and
TRACEY L. MASON,

MEDICAL REHABILITATIVE
SERVICES LTD.,

Case No. 14-bk-769
Substantively Consolidated with

Case No. 14-bk-879

Chapter 11

**OBJECTION TO MOTION TO REOPEN**

The Acting United States Trustee, John P. Fitzgerald, III, by counsel, objects to the debtors' motion to reopen [Docket #652], and states that:

1. The debtors, Terrence and Tracey Mason, filed a voluntary Chapter 11 petition on July 8, 2014.  The debtor, Medical Rehabilitative Services Ltd., filed a voluntary Chapter 11 petition on August 8, 2014.   By order entered on September 9, 2014, these cases were substantively consolidated [Docket #98].

2. On November 5, 2015, the Court approved the fourth amended disclosure statement and plan [Docket #567].  By order entered on April 19, 2016 [Docket #636], the case was closed based on the debtors' motion for final decree [Docket #632].

3. On May 17, 2018, the debtors filed a motion to reopen consolidated bankruptcy cases to "permit the adjudication of issues and the filing of an amended plan of reorganization".

4. The Court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b).  The decision to reopen a case is within the bankruptcy court's discretion.  See e.g., *Apex Oil Co. v. Sparks (In re Apex Oil, Co.),* 406 F.3d 538, 542 (8th Cir. 2005); *Hawkins v. Landmark Finance Company (In re Hawkins)*, 727 F.2d

1

324, 326 (4th Cir. 1984).

5. Before reopening a case, the court should make the threshold determination that one of the three grounds articulated in 11 U.S.C. §350(b) exists. See, e.g., *In re Hendrix*, No. 99-71718, 2005 Bankr. LEXIS 2159 at *2-3 (Bankr. N.D. Ga. Sept. 7, 2005)(holding that no cause existed to reopen the debtor's completed 60-month plan to address a post-petition default dispute); *In re Root*, 318 B.R. 851, 853-54 (Bankr. W.D. Mo. 2004)(denying a motion to reopen a 13 year-old case for the purpose of attempting to discharge student loans because it would be too difficult to make the determination of undue hardship considering the passage of time); *In re Houston*, 310 B.R. 224, (Bankr. M.D. Ala. 2004)(concluding that no cause existed to reopen a no asset Chapter 7 case to include a creditor). The party seeking to reopen the case has the burden of proof. *In re Cloninger*, 209 B.R. 125, 126 (Bankr. E.D.Ark. 1997).

6. The debtors have failed to provide adequate information in the motion to reopen for the Court or interested parties to determine if the requirements of 11 U.S.C. §350(b) have been met. At a minimum, the debtors should be required to provide specific information regarding what issues need to be adjudicated and what provisions of the confirmed plan will be addressed under 11 U.S.C. §1127.

WHEREFORE, the United States Trustee requests the Court deny the debtors' motion until such time as the aforementioned issues are addressed.

Dated: June 6, 2018                              Respectfully submitted,

                                                 JOHN P. FITZGERALD, III
                                                 UNITED STATES TRUSTEE

                                                 By Counsel

/s/ *David L. Bissett*
WV Bar No. 6013
Trial Attorney, Office of U.S. Trustee
2025 United States Courthouse
300 Virginia Street East
Charleston, WV 25301
304-347-3400

3

CERTIFICATE OF SERVICE

  I hereby certify that on this day, June 6, 2018, I electronically filed the Objection with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following CM/ECF participants:

Martin P. Sheehan
Sheehan & Nugent, PLLC
41 15th Street
Wheeling, WV  26003

  I further certify that on this date, June 6, 2018, I mailed the Objection to the following non-CM/ECF participants:

  Terrence L. Mason
  Tracey L. Mason
  113 Bello Vedere
  Wheeling, WV  26003

  Medical Rehabilitative Services, Ltd.
  Attention Terrence Mason
  P.O. Box 2146
  Wheeling, WV  26003

/s/ *David L. Bissett*
WV Bar No. 6013
Trial Attorney, Office of U.S. Trustee
United States Courthouse, Room 2025
300 Virginia Street East
Charleston, WV 25301
(304) 347-3400

4